**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES REASE, JR.,** | ) | **CASE NO. 1:13 CV 2681** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **CUYAHOGA COUNTY** | ) | |
| **JUVENILE COURT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff James Rease, Jr. filed this action under Title VII, 42 U.S.C. § 2000e, the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Age Discrimination in

Employment Act (ADEA), 29 U.S.C. § 621 against the Cuyahoga County Juvenile Court.  In the

Complaint, Plaintiff  asserts he was terminated from his employment based on race, sex,

retaliation, age and perceived disability.  He seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  That Application is

granted.

## I.  BACKGROUND

The substantive portion of Plaintiff's Complaint is a single paragraph.  In its entirety, it

states:

> On or about February 22, 2013, I was terminated from employment based on race, sex, retaliation, age, and perceived disability.  The court relied on a moot prior action to deny my rights.  The court acted in an arbitrary and capricious manner.  Further, I was treated differently based on discrimination.

(ECF No. 1 at ¶3).  He indicates the Defendant violated his rights under Title VII, the ADA, and the ADEA.  He requests compensatory and punitive damages of $300,000.00 per violation.

## II.  LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151

F.3d 559, 561 (6th Cir. 1998).

**<u>Failure to State a Claim</u>**

Plaintiff's Complaint does not contain a single factual allegation.  The entire pleading

consists of legal conclusions that the Defendant violated certain statutes.  The Court is aware

that, at this stage, Plaintiff is not required to plead his discrimination claims with heightened

specificity.  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002).  Nevertheless, after

*Swierkiewicz*, the Supreme Court clarified that a Plaintiff must still provide "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal,* 550 U.S. at

678.  He cannot rely solely on legal conclusions to state a claim.  *Iqbal,* 550 U.S. at 678.  He

must provide enough facts to allow the Court to draw the reasonable inference that the

Defendant is liable for the misconduct alleged.  *Id*. at 556.  This standard requires the Plaintiff to

demonstrate more than a sheer possibility that the Defendant acted unlawfully.  *Id*.  Where a

Complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short

of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. at 557.

Plaintiff's Complaint never rises above the speculative level.  The Court is left to guess

at all of the relevant facts, including Plaintiff's race, age, and perceived disability, as well as the

Defendant's actions which were allegedly discriminatory.  This type of Complaint is not sufficient to meet the threshold of basic pleading requirements in federal court.  *See* FED. CIV. R. 8; *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).  Without more than conclusory statements suggesting the possibility of discrimination, Plaintiff's Complaint fails to state a federal claim for relief.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  May 6, 2014

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.